FILED
JAN 22 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA JEAN LEWIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08 0120 |
| ) | |
| GOVERNMENT OF THE ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiffs' applications to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the applications and dismiss the complaint without prejudice for lack of subject matter jurisdiction.

Plaintiffs allege that Barbara Jean Lewis purchased a winning lottery ticket on December 11, 1999 from S&S Liquor, a store in Northwest, Washington, DC. Compl. ¶¶ 11-13. According to plaintiffs, Ms. Lewis attempted to claim the prize, and that the District of Columbia Lottery Board denied her claim in May 2000. *Id.* ¶¶ 14-15. Plaintiffs further allege that the seller of the winning ticket retrieved it from a dumpster and claimed both a commission for selling the winning ticket and ultimately obtained the prize money itself. *Id.* ¶¶ 16, 19. Mrs. Lewis and her son, Radcliffe B. Lewis, bring claims of conspiracy, unjust enrichment, and defamation, in addition to an unspecified civil rights claim against the District of Columbia defendants.[1] They

---

[1] It appears that Mrs. Lewis executed a "limited and specific Power of Attorney" on December 15, 2003 granting Mr. Lewis the authority "[t]o stand in person or by proxy on [her] behalf regarding hearings, pleadings, trials, and actions, conferences and on any and all issues pertaining to the matter of the Barbara Jean Lewis vs. DC Lottery and Charitable Games Control
(continued...)

demand damages totalling $ 490 million. Compl. at 8-9 (Prayer for Relief).

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. In addition, federal district courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000, and is between citizens of different states. *See* 28 U.S.C. §1332(a). Plaintiffs' complaint states neither a federal claim nor establishes diversity of citizenship.

Plaintiffs purport to bring an unspecified civil rights claim against the District of Columbia. *See* Compl. (Count III). They allege that the District of Columbia failed in its duty to maintain lottery-related equipment and had no means to monitor whether such equipment functioned properly. *See id.* ¶ 24. As a result, plaintiffs were deprived of an opportunity to prove to the Board that Mrs. Lewis possessed the winning ticket and were deprived of the lottery winnings. *Id.* ¶ 26. At most, these allegations may state a negligence claim cognizable under District of Columbia law. Neither this negligence claim nor the other tort claims are federal claims sufficient to establish this Court's subject matter jurisdiction.

"For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, ___ F. Supp. 2d ___, 2007 WL 3357144, at * 5 (D.D.C. Nov. 14,

---

[1](...continued)
Board et al., DC Court of Appeals, and DC Superior Court Case Nos. 02-AA-171 and 00-CA-005783[.]" Compl., Attach. (POWER OF ATTORNEY (SPECIAL)). This power of attorney pertains to two specific actions in the District of Columbia courts, and does not appear to authorize Mr. Lewis to pursue a new action in this federal district court on his mother's behalf. Although Mr. Lewis may represent himself as a *pro se* litigant, he is a lay person who is not qualified to appear in this Court on his mother's behalf. *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984); *see Blackman v. District of Columbia*, 355 F. Supp. 2d 171, 172-73 (D.D.C. 2005).

2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Here, the plaintiffs and several defendants, including the District of Columbia government and the seller of the winning lottery ticket, are citizens of the District of Columbia. "When a Court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the Court finds that complete diversity does not exist, the Court must dismiss the suit." *Id.*, 2007 WL 3357144, at * 6 (citing *Fox v. Bd. of Trustees of the State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994)).

Accordingly, the Court will dismiss the complaint without prejudice for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will be issued separately.

_____
United States District Judge

Date: January 16, 2008